IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES F. YOUNGBAR                    *
                                     *
            v.                       *   Civil Action WMN-12-898
                                     *
J.P. MORGAN CHASE                    *
BANK, N.A. <u>et al.</u>             *

    *      *      *      *      *      *      *      *      *      *      *      *

<u>**MEMORANDUM AND ORDER**</u>

On March 1, 2012, Plaintiff James Youngbar filed a
complaint in the District Court of Maryland for Anne Arundel
County against Defendants J.P. Morgan Chase Bank, N.A. (Chase)
and Federal Home Loan Mortgage Corporation (Freddie Mac)
alleging that Defendants violated § 1641(g) of the Truth in
Lending Act (TILA), 15 U.S.C. § 1601 <u>et seq.</u>, because they
failed to provide the statutorily required notice when
Plaintiff's mortgage loan was sold or assigned by Chase to
Freddie Mac.[1]  ECF No. 2.  The complaint was removed to this
Court on March 23, 2012.  ECF No. 1.

Defendants answered the complaint on March 29, 2012, ECF
No. 9, and filed a Motion for Summary Judgment on April 30,
2012.  ECF No. 11.  Defendants argued that they were entitled to
judgment on the TILA claim because it was barred by the one-year
statute of limitations.  To support this argument, Defendants

---

[1] The Complaint also alleges that Defendants violated the Federal
Trade Commission Act (FTCA), 15 U.S.C. § 41 <u>et seq.</u>

attached a letter dated December 30, 2010, which Plaintiff had sent to Chase.  In the letter Plaintiff stated that "I have a Freddie Mac owned home loan."  ECF No. 11-2.  Defendants argued that Plaintiff clearly knew he had a Freddie Mac loan before December 30, 2010, so if he had not received the appropriate statutory notice, he should have known at that time that he had a cause of action.  Therefore, as the complaint was not filed until March 1, 2012, they argued Plaintiff's TILA claim was time barred.

On May 8, 2012, the Court received correspondence from Plaintiff's counsel indicating that "after review of Defendants' Motion for Summary Judgment, I have no grounds to file an opposition."  ECF No. 12.  Upon receipt of this correspondence, on May 9, 2012, the Court granted Defendants' motion, entered judgment in favor of Defendants, and closed the case.  See ECF No. 13.

Approximately two weeks later, Plaintiff filed the currently pending Motion to Vacate Judgment, ECF No. 14, requesting that, pursuant to Rule 59(e), the Court vacate its May 9, 2012, judgment and allow Plaintiff fifteen days to provide an affidavit to oppose the previously conceded Motion for Summary Judgment.  In support of his motion, Plaintiff argues that at the time he filed the letter stating he had no grounds upon which to file an opposition he was unaware that the

Fourth Circuit had just days earlier published an opinion in Gilbert v. Residential Funding, LLC, 678 F.3d 271 (4th Cir. 2012), which he characterizes as holding that "correspondence sent . . . in a TILA-violation context delayed the running of limitations." Mot. at ¶ 4. Plaintiff also included as exhibits several pieces of correspondence that he received from Defendants on several dates in 2011. This correspondence is significant, Plaintiff argues, because it does not indicate that Freddie Mac was the Secured Party until May 11, 2011, which would mean his lawsuit was timely filed within the one-year TILA statute of limitations.[2]

Defendants oppose the Motion to Vacate, arguing that Plaintiff has not stated any grounds on which the Court may grant the motion under Rule 59(e) because both the exhibits and the Gilbert decision were available prior to the filing of Plaintiff's correspondence conceding summary judgment.

Federal Rule of Civil Procedure 59(e) requires that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Although this rule does not itself provide a standard, the Fourth Circuit has recognized three grounds on which a court may alter or amend an earlier judgment:

---

[2] Plaintiff continues to concede that the FTCA claim is not permitted under current law so does not move that judgment be vacated on this count. See Mot. at ¶ 9.

> (1) to accommodate an intervening change in
> controlling law; (2) to account for new evidence not
> available at trial; or (3) to correct clear error of
> law or prevent manifest injustice.

Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th

Cir. 1998); EEOC v. Lockheed Martin Corp., Aero & Naval Sys.,

116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994

F.2d 1076, 1081 (4th Cir. 1993). Furthermore, "Rule 59(e)

motions may not be used . . . to raise arguments which could

have been raised prior to the issuance of the judgment, nor may

they be used to argue a case under a novel legal theory that the

party had the ability to address in the first instance." Id.

The Fourth Circuit has also cautioned that "reconsideration of a

judgment after its entry is an extraordinary remedy which should

be used sparingly." Pac. Ins. Co., 148 F.3d at 403.

The Court will heed the caution of the Fourth Circuit and

deny the Motion to Vacate because both the Gilbert decision and

the accompanying exhibits were available during the time

Plaintiff had to oppose the motion for summary judgment.  Though

the Gilbert decision was filed only five days before Plaintiff

filed his concession, this is no excuse.  Published opinions are

available the day they are released on the Fourth Circuit's

website,[3] and are certainly available on commercial legal search engines shortly thereafter.

Moreover, Plaintiff has not argued, and there is no reason to believe, that the correspondence exhibits were not previously available. Presumably, Plaintiff would suggest that he did not offer the exhibits because they would not have been relevant without the holding of Gilbert, which he contends held that receipt of correspondence from a lender could delay the running of limitations. If offered, however, this suggestion would fail because (1) even without Gilbert this correspondence may have been relevant if Plaintiff offered it to counter the December 30, 2010, letter that was relied on by Defendants, and (2) the Gilbert holding does not speak to the type of TILA violation that Plaintiff alleges.[4] Plaintiff had the opportunity to oppose the motion for summary judgment by presenting the Court with the correspondence that he received from Defendant and which he now contends provided "directly contrary information" with respect to who he believed owned the mortgage loan. See Mot. at ¶ 5.

---

[3] See http://pacer.ca4.uscourts.gov/opinions/opinion.htm (noting that "The Court posts published and unpublished opinions and selected orders daily beginning at 2:30 p.m.") (last accessed: July 2, 2012)

[4] Gilbert holds that the statute of limitations for a TILA claim regarding a lender's refusal to honor the borrower's right to rescind was not triggered until the lender sent a letter indicating that it would not rescind the loan transaction. Gilbert, 378 F.3d at 278.

As these exhibits were not provided when Plaintiff had the opportunity to oppose the summary judgment and Plaintiff has not provided a reason for not presenting such evidence, the Court will decline to vacate the judgment.[5]  See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, n.9 (4th Cir. 2010) (noting that before considering evidence not presented before judgment a court must first determine whether the reasons for not providing such evidence are justified); see also Garner v. Arvin Industries, Inc., 77 F.3d 255, 259 (8th Cir. 1996) (declining to consider affidavits that plaintiff submitted with only her Rule 59(e) motion even though such affidavits were available when she filed her opposition to defendant's motion for summary judgment).

Accordingly, it is this 5th day of July, 2012, by the United States District Court for the District of Maryland, ORDERED:

1. That, pursuant to Local Rule 105.6, no hearing is necessary;

---

[5] Plaintiff also argues, "In light of Gilbert, it is in the interests of fairness and justice that this Court grant this Motion." Mot. at ¶ 8.  Putting aside that Plaintiff does not provide any further explanation with this argument, as noted above, the Court is not convinced that such interests will be betrayed by its decision to deny the motion because Gilbert does not affect what type of evidence or argument Plaintiff could have offered when he initially had the opportunity to oppose the motion for summary judgment.

2. That Plaintiff's Motion to Vacate Judgment, ECF No. 14,

   is hereby DENIED; and

3. That the Clerk of the Court shall transmit a copy of this

   Memorandum and Order to all counsel of record.


                                    /s/
                          _____
                          William M. Nickerson
                          Senior United States District Judge